**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Gary Y. Sussman
Assistant U.S. Attorney
gary.sussman@usdoj.gov
(503) 727-1030
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

October 6, 2023

Renee Manes
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

      Re:    *United States v. Adam Michael Groat*
            Case No. 3:14-cr-00324-SI

Dear Ms. Manes:

This letter will set forth the government's plea offer in this case.

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant is presently facing a supervised release violation in case no. 3:14-CR-324-SI, arising from his accessing and possessing child pornography, which also constitutes a new criminal offense. Defendant wishes to resolve the new criminal matter and the pending supervised release violation in a single proceeding.

Defendant will waive indictment and plead guilty an information the government will file charging him with one count of accessing with the intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). In addition, he will admit the supervised release violations alleged in case no. 3:14-cr-324.

3.    **Penalties**: Because of defendant's criminal history, accessing with intent to view child pornography carries a maximum penalty of 20 years' imprisonment, a mandatory minimum ten years' imprisonment, a $250,000 fine, a term of supervised release of five years to life, and a $100 statutory fee assessment. Under 18 U.S.C. § 3014(a), that offense carries an additional $5,000 fee assessment for non-indigent persons. *In addition, defendant will be required to register as a sex offender.* Defendant may also be required to pay restitution to any victim of the offense to which he is pleading guilty. Defendant agrees to pay the $100 fee assessment by the sentencing hearing or explain to the Court why he cannot do so. The supervised release

Renee Manes
October 6, 2023
Page 2

---

violation in case no. 3:14-324 carries a maximum sanction of two years' imprisonment, followed by a re-imposed term of supervised release of up to life.

4. **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student. Defendant understands that he must update his registration no later than three business days following any change of name, residence, employment, or student status. Defendant further understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

5. **Dismissal/No Additional Prosecution**: In exchange for defendant's guilty plea and his admission to the supervised release violations, the USAO will neither file nor seek any other new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.

6. **Sentencing Factors**: The parties agree that the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (U.S.S.G.). The court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a). The parties' agreement that guideline sentencing factors apply constitutes sufficient proof of those factors to satisfy the applicable evidentiary standard.

7. **Elements and Facts**: Defendant understands that the elements of accessing with intent to view child pornography are as follows:

   a. On or about the date alleged in the information, in the District of Oregon, defendant knowingly accessed with the intent to view child pornography;

   b. Defendant knew the material he accessed and viewed contained child pornography; and

   c. The material had either been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, *or* had been produced using materials that had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

Defendant agrees that the government can prove each of the following facts beyond a reasonable doubt at trial:

(i) On September 22, 2016, defendant was convicted in the United States District Court for the District of Oregon of three counts of transportation of child pornography, three counts of receiving child pornography, and one count of possession of child pornography, and was sentenced to 84 months' imprisonment followed by a life term of supervised release. His term of supervised release began on June 4, 2021.

(ii) Beginning in the fall of 2021, computer monitoring software alerted the U.S. Probation Office that defendant was engaging in troubling online behavior. In October 2021, the Probation Office learned he had been "sexting" with a woman who was the mother of a kindergarten-aged child. In December 2021, the Probation Office learned he had been using his phone to search the internet for questionable material. On February 16, 2022, the Probation Office seized defendant's phone, but a forensic examination revealed no evidence of a violation.

(iii). In July 2022, the computer monitoring company alerted the Probation Office that defendant was chatting online with another person about having sexual intercourse with minors, and provided screenshots of some of his online activity. Those screenshots included depictions of child pornography involving prepubescent children, one of which he sent to the person with whom he was chatting. The Probation Office instituted supervised release violation proceedings, and sought a warrant for defendant's arrest.

(iv) Defendant was arrested on July 27, 2022. His phone was seized and submitted to a forensic laboratory for examination. The examination revealed many cached images depicting child pornography, indicating that defendant had opened and viewed the images on his phone, but had not saved them to the phone. The examination also revealed that defendant had been searching both the internet and the dark web using search terms commonly associated with child pornography, that he had loaded numerous chat applications (including many with sexually suggestive names) on his phone.

(v) An FBI agent sought and obtained a warrant to search the phone. A review of the phone's contents revealed 148 images of child pornography, many of which were cached. The images included depictions of prepubescent minors engaged in sexually explicit conduct, and at least one depiction of sadistic or masochistic conduct.

Renee Manes
October 6, 2023
Page 4

     (vi)    Defendant used the internet and the dark web to search for and view the images that were cached or stored on his phone. The internet is a means or facility of interstate commerce.

8.    **Relevant Conduct/Guidelines Calculations**: The parties agree that defendant's relevant conduct, as defined in U.S.S.G. § 1B1.3, includes all the unlawful conduct alleged in the information. The parties agree that the following guideline calculations presently apply:

Base offense level [U.S.S.G. § 2G2.2(a)(1)]..................................................................18
Material depicting prepubescent minor [§ 2G2.2(b)(2)]............................................ +2
Distribution [§ 2G2.2(b)(3)(F)]................................................................................... +2
Depictions of sadistic or masochistic conduct [§ 2G2.2(b)(4)] ................................. +4
Use of computer or interactive device [§ 2G2.2(b)(6)]............................................... +2
Between 10 and 150 images [§ 2G2.2(b)(7)(A)] ........................................................ +2
**Adjusted offense level..............................................................................................30**

The parties anticipate that a five-level enhancement under U.S.S.G. § 4B1.5(b) may also apply. Except as provided below, the parties agree that no additional specific offense characteristics or cross-references as set forth in U.S.S.G. §§ 2G2.2(b) or (c) and no aggravating or mitigating factors as set forth in U.S.S.G. Chapter Three presently apply to this case.

9.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and fully accepts responsibility for his unlawful conduct. If defendant does so, the USAO agrees to recommend a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new or additional criminal offense, does anything else to obstruct or attempt to obstruct justice as explained in U.S.S.G. § 3C1.1, or does anything inconsistent with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10.    **Joint Sentencing Recommendation**: Provided defendant accepts responsibility and fulfills all his obligations under this agreement, the parties will jointly recommend that the Court impose a sentence of ten years' imprisonment on the new accessing with intent to view charge, and that the supervised release violation sanction in case no. 3:14-cr-324 be imposed to run concurrently with the sentence in the new case. The parties will recommend that the Court not reimpose a term of supervised release in case no. 3:14-cr-324. The government will recommend a life term of supervised release in the new criminal case; defendant may recommend any term of supervised release permitted under 18 U.S.C. § 3583(k).

Renee Manes
October 6, 2023
Page 5

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence, including the term or conditions of supervised release imposed by the court (including constitutional challenges to those conditions), except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory guideline sentencing range as determined by the Court. If defendant seeks an appeal despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds except for ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). If defendant's conviction or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Court is not bound to adopt or accept the recommendations of the parties or the presentence report writer. Defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO reserves the right to oppose or contest any argument made or motion filed by defendant at any time. The USAO also reserves the right to challenge statements of fact or guideline calculations in the presentence report, and will fully inform both the Court and the U.S. Probation Office of the facts of this case and the bases for its recommendations.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offense between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise such a claim in the district court, he has waived that claim and is precluded from raising such a claim for the first time on appeal.

15. **Restitution**: The Court shall order restitution to each victim depicted in the images defendant possessed or accessed with the intent to view in the full amount of each victim's

Renee Manes
October 6, 2023
Page 6

---

losses as determined by the Court. Defendant agrees to pay restitution for all losses proximately caused by his conduct.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable. Defendant further understands and agrees that pursuant to Title 18, United States Code, Section 3614, he may be resentenced to any sentence that could have originally been imposed if the Court determines that he knowingly and willfully refused to pay restitution as ordered or failed to make sufficient bona fide efforts to pay restitution. Additionally, defendant understands and agrees that the government may enforce collection of restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the Court. Defendant understands that any monetary debt he owes in connection with this matter may be included in the Treasury Offset Program (TOP) to potentially offset his federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to Title 18, United States Code, Section 3612(b)(F), defendant understands and agrees that until a restitution order is paid in full, he must notify the United States Attorney's Office of any change in his mailing address or residence address within 30 days of the change. Further, pursuant to Title 18, United States Code, Section 3664(k), defendant must immediately notify the court and the U.S. Attorney's Office of any material change in his economic circumstances that might affect his ability to pay restitution, including but not limited to new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16. **Abandonment Terms**: By signing this agreement, defendant knowingly and voluntarily abandons all right, title, and interest in and to his Samsung Galaxy A21 smartphone, which defendant admits was used to commit the offense alleged in the information.

17. **Total Agreement**: This letter states the full extent of the agreement between the parties. No promises, agreements, representations, or conditions other than those in this agreement will be effective unless memorialized in writing and signed by the parties or confirmed in court and on the record. Defendant agrees that no officer, employee, or agent of the United States has threatened or coerced him to induce him to accept this offer.

/ / /

/ / /

Renee Manes
October 6, 2023
Page 7

---

If defendant wishes to accept this offer, both of you should sign and date this letter in the spaces provided below. Please attach the signed original to the plea petition and send me a copy at your earliest convenience.

Very truly yours,

NATALIE K. WIGHT
United States Attorney

*/s/ Gary Y. Sussman*
GARY Y. SUSSMAN
Assistant United States Attorney

I FREELY AND VOLUNTARILY ACCEPT THE TERMS AND CONDITIONS OF THIS PLEA OFFER, AFTER FIRST REVIEWING AND DISCUSSING EACH PART OF IT WITH MY ATTORNEY. I AM SATISFIED WITH THE LEGAL ASSISTANCE PROVIDED TO ME BY MY ATTORNEY. I WISH TO PLEAD GUILTY BECAUSE I AM GUILTY.

10/10/23
Date

ADAM MICHAEL GROAT
Defendant

I am legal counsel for defendant. I have carefully reviewed and discussed every part of this plea offer with defendant. To my knowledge, defendant's decisions to accept this agreement and to plead guilty are informed and voluntary ones.

10/10/23
Date

RENEE MANES
Attorney for Defendant